AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Puerto Rico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Francisco DIAZ-Feliz | ) | Case No. 13-514(m) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

2013 MAY 14 PM 2:22

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 13, 2013__ in the county of __San Juan__ in the __Judicial__ District of __Puerto Rico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841 | Possession with the intent to distribute 1 kg or more of heroin. |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

AUSA Justin Martin
5-13-13

_____
*Complainant's signature*

JOSE J. GARCIA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/14/13

City and state: SAN JUAN, PUERTO RICO

_____
*Judge's signature*

MARCOS E. LÓPEZ, U.S. MAGISTRATE JUDGE
*Printed name and title*

**AFFIDAVIT**

I, Jose J. Garcia, a Special Agent with the U.S. Department of Homeland Security (DHS), Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

**INTRODUCTION**

1.   I am a Special Agent with the DHS, HSI, San Juan, Puerto Rico, and have been duly employed in this position since December 2009. I am currently assigned to the Seaport Investigations Group, where investigations are conducted related to violations of Title 18, Title 19, Title 21, and Title 31, of the United States Code.

2.   I have attended the United States Immigration and Customs Enforcement Special Agent Training (ICESAT), at the Federal Law Enforcement Training Center, in Glynco, Georgia.

3.   Information set forth in this affidavit is based on my personal knowledge and on information provided to me by other criminal investigators, law enforcement officers, and other sources during the course of this investigation. The information is not a complete statement of all the facts related to this case. I have drafted this affidavit for the limited purpose of establishing probable cause for certain violations of law; therefore, I have not included all of the facts of this investigation.

4.   Based on my training and experience, my knowledge of this case and my discussions with other law enforcement officers, I am familiar with the methods, schemes, and operations of narcotic traffickers.

5.   Based upon my training and experience, along with my personal knowledge of the facts of this investigation to which this affidavit relates, your affiant

1

respectfully submits that there is probable cause to believe that Francisco DIAZ-Feliz possess heroin with the intent to distribute it, in violation of 21 U.S.C. § 841.

## FACTS ESTABLISHINHG PROBABLE CAUSE

6.  On May 13, 2013, United States Customs and Border Protection ("CBP") Officers at the Pan American Dock in San Juan, Puerto Rico, were conducting a routine inbound inspection of passengers and vehicles onboard Caribbean Fantasy Ferry returning from Santo Domingo, Dominican Republic.

7.  CBP Officers selected passenger Francisco DIAZ-Feliz who is a Legal Permanent Resident of the United States, along with his vehicle, a 2000 white Ford Econoline bearing vehicle identification number 1FDSS34F1YHA49123 and Puerto Rico license plate 872-288 for secondary inspection.

8.  Upon secondary inspection of the DIAZ-Feliz's vehicle, CBP Canine Officer Edmundo Hernandez informed that K-9 Burro (badge # CH-65) alerted positive to narcotics on the front passenger side of the vehicle.

9.  The vehicle was then scanned with x-ray machine and an anomaly was identified in the engine compartment.

10. CBP Officers conducted a physical inspection of the vehicle and while inspecting underneath the hood of the vehicle, the battery was removed and revealed unusual items inside the windshield washer tank. The windshield washer tank was further inspected and revealed 300 pellet-shaped objects.

11. One of the pellet-shaped objects was field tested by CBP Officer Hector Serrano and reacted positive to heroin. The total weight of the pellet-shaped objects was 3.37 kilograms.

12. DIAZ-Feliz was read his Miranda rights in his native language (Spanish) by HSI Special Agents, which he refused to waive, however during the process of being read his Miranda rights, DIAZ-Feliz indicated that upon returning to Puerto Rico he was going to be paid over $2,000.00 by an individual known to him as "Alejandro". DIAZ-Feliz then refused to make any additional statements about the reason for the payment.

## CONCLUSION

13. Based upon my training, experience, and the abovementioned facts, I have probable cause to believe that DIAZ-Feliz has committed the following violation of Federal Laws: to possess with the intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. § 841(a)(1).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Jose J Garcia
Special Agent
Homeland Security Investigations

Sworn and subscribed to before me this 14th day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO